Ernest K. Nielson, Washoe Legal Services, Reno, NV, for plaintiffs.

**Allen Lyn TAYLOR, et al., Plaintiffs,**

v.

**Charles WOLFF, et al., Defendants.**

**Civ. No. 79–162–JMB.**

United States District Court, D. Nevada.

Nov. 10, 1994.

## ORDER

JAMES M. BURNS, Senior District Judge, Sitting by Designation.

Defendants' move to terminate jurisdiction, dissolve the consent decree, and dismiss this case with prejudice (# 305). Plaintiffs do not contend that defendants are now in violation of the consent decree or constitutional standards. They oppose the motion for the single reason that they believe this court should retain jurisdiction to enforce continued compliance with the consent decree. For the following reasons, I grant defendants' motion.

---

## BACKGROUND

It is pointless to repeat the details of the long, well-documented history of this venerable case. I recite only a general sketch. This litigation began in 1979 as a class action challenging prison conditions in the Nevada Department of Prisons (NDOP). By 1988, the only remaining issues involved the provision of mental health care to inmates. On May 20, 1988, I issued the Final Order which is now referred to as "the consent decree". The consent decree required defendants to implement a mental health care plan with the assistance of the court appointed monitor, Dr. Logan.

Since 1988, the parties and Dr. Logan have worked together to design and implement a mental health care system which all agree is among the finest in existence in a prison setting. Their efforts are documented in the ten Progress Reports issued by Dr. Logan which have been made a part of the record. I adopt his findings and conclusions as my own.

On September 20, 1993, I issued an Opinion and Order in which I found defendants in full compliance with the consent decree.[1] Dr. Logan's Eighth, Ninth, and Tenth Progress Reports and his oral comments at the hearing on August 24, 1994 confirm that defendants have remained in compliance since last September.[2] In addition, I rely on the presentations made by counsel and by the experts for both sides in court on August 24, 1994 and in the telephonic hearings on September 29, 1994 and October 20, 1994.

## DISCUSSION

I disagree with plaintiffs' contention that the terms of the Final Order imply or presume an agreement between the parties that this court would maintain continued jurisdiction to enforce the consent decree indefinitely. In any event, such an agreement would not bind me to retain jurisdiction. *Collins v. Thompson*, 8 F.3d 657, 659 (9th Cir.1993),

cert. denied, —— U.S. ——, 114 S.Ct. 2133, 128 L.Ed.2d 864 (1994).

I am satisfied that it would be inappropriate for me to retain jurisdiction in this case. All the evidence provided by the monitor and the experts for both sides compel the conclusion that no constitutional violations now exist. No such violations have existed for more than a year. There is nothing to indicate that the present conditions will deteriorate, that the existing high standards will be lowered, or that the enthusiasm and determination of those involved will diminish.

In the absence of substantial evidence of continuing constitutional violations, or of probable future violations, I decline to continue court-supervised monitoring for enforcement purposes. *Collins v. Thompson*, 8 F.3d at 659; *Toussaint v. McCarthy*, 926 F.2d 800, 802 (9th Cir.1990), *cert. denied*, —— U.S. ——, 112 S.Ct. 213, 116 L.Ed.2d 171 (1991).

Nothing in the present order would prevent plaintiff Taylor or any other NDOP inmate from bringing an action to correct constitutional violations that may arise, including deterioration in NDOP's mental health care programs, whether such deterioration results from action or inaction on the part of the present defendants, the state legislature, or any other official.

## CONCLUSION

Based on the foregoing, defendants' motion to terminate jurisdiction, vacate consent decree, and dismiss is GRANTED. In addition, it is

## ORDERED AND ADJUDGED:

1. That the Stipulated Agreement of April 20, 1984 and the Final Order and Consent Decree of May 20, 1988 are vacated.

2. That the responsibilities of the court appointed Monitor, Dr. William S. Logan, are terminated upon the entry of this order.

---

1. I adopt and reconfirm the findings and conclusions expressed therein.

2. It is useful to remember that the definition of "full compliance" I employed in the Opinion and Order of September 1993 requires continued progress to resolve new issues as they arise.

Accordingly, defendants' "continued compliance" over the preceding thirteen months has included additions and improvements rather than simple maintenance of the standards achieved at the time of my Opinion and Order.

3. That this case is dismissed with prejudice.

4. That no costs or disbursements are awarded to either side.